```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
_____

IN RE: CTP INNOVATIONS, LLC,       )    MDL No. 14-MD-2581
PATENT LITIGATION                  )
                                   )
_____)

CTP INNOVATIONS, LLC v.            )
GEO GRAPHICS INC.                  )    14-cv-3888-MJG
                                   )
CTP INNOVATIONS, LLC v.            )
COMMAND WEB OFFSET COMPANY, INC.)       15-cv-1470-MJG
                                   )
CTP INNOVATIONS, LLC v.            )
SANDY ALEXANDER, INC.              )    15-cv-1471-MJG
                                   )
CTP INNOVATIONS, LLC v.            )
WORZALLA PUBLISHING COMPANY        )    15-cv-1646-MJG
                                   )
CTP INNOVATIONS, LLC v.            )
SPECIALTY PROMOTIONS, INC.         )    15-cv-1692-MJG
                                   )

*      *      *      *      *      *      *      *      *
```

MEMORANDUM & ORDER RE: FEE MOTION

The Court has before it Defendants' Motion for Attorney Fees [ECF No. 385 in 14-md-2581[1]] and the materials submitted relating thereto. The Court finds a hearing unnecessary.

I. BACKGROUND[2]

Plaintiff, CTP Innovations, LLC ("CTP") is a non-practicing patent assertion entity that alleged ownership by assignment of

---

[1] All ECF Nos. referenced herein are in the Multi-district case 14-md-2581 unless otherwise noted.
[2] For a more detailed background, see Memorandum & Order Resolving Motions [ECF No. 381].

United States Patent Nos. 6,611,349 ("the '349 Patent") and 6,738,155 ("the '155 Patent") (collectively, "the Patents in Suit").[3]  Beginning in 2013, CTP sued more than 75 printing companies for infringement of the Patents in Suit and contacted many more companies and offered licenses to avoid being sued.

While many of these cases settled, on December 12, 2014, the United States Judicial Panel on Multidistrict Litigation ("MDL") issued its Transfer Order [ECF No. 1] consolidating the then-pending actions and transferring them for pretrial purposes to this Court.  In 2015, more than 20 additional tag-a-long cases were filed and subsequently transferred to this Court under the MDL. In addition, CTP stated an intention to file as many as 200 additional tag-a-long cases.[4]

On November 29, 2016, this Court issued its Memorandum & Order Resolving Motions [ECF No. 381], holding that CTP did not own the rights to sue for infringement of the Patents in Suit at the time it commenced filing the lawsuits.  As a result, the Court granted Defendants' Joint Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction Due to Plaintiff's Lack of Standing [ECF No. 354].[5]  In its decision, the Court noted:

---

[3]  The Patents in Suit pertain to systems and methods relating to the printing industry.
[4]  Tr. 33:23-24, Dec. 15, 2015, ECF No. 290 in MJG-14-2581.
[5]  "A court may exercise jurisdiction only if a plaintiff has standing to sue on the date it files suit."  Abraxis Bioscience,

2

"If the matter were not moot, the Court would have held the Patents in Suit invalid as not claiming patentable subject matter." Mem. [ECF No 381] at 5, n.4.

On December 13, 2016, Defendants filed the instant joint Motion for Attorneys' Fees [ECF No. 385] seeking an award of attorney fees and/or sanctions pursuant to one or all of 35 U.S.C. § 285, 28 U.S.C. § 1927, and the court's inherent power to sanction.[6]

Since the filing of the instant motion, CTP has settled with all but the five remaining defendants.[7] Notice, ECF No. 537; Stipulation of Dismissal, ECF No. 540. The Court herein resolves the pending motion for attorney fees.

---

Inc. v. Navinta LLC, 625 F.3d 1359, 1364 (Fed. Cir. 2010). "Standing is a constitutional requirement pursuant to Article III and it is a threshold jurisdictional issue." Id. at 1363.
[6]   CTP did not respond regarding sanctions pursuant to Local Rule 105.8(b) (D. Md. 2016)("Unless otherwise ordered by the Court, a party need not respond to any motion filed under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927. The Court shall not grant any motion without requesting a response.").
[7]   The Court notes that after its decision dismissing the instant case, CTP filed a new lawsuit in the Eastern District of Texas alleging infringement of the Patents in Suit, having purported to correct any deficiencies in its chain of title. That lawsuit has subsequently been dismissed with prejudice pursuant to a joint motion of the parties. Notice of Dismissal in Related Case, ECF No. 556.

II.  LEGAL STANDARD

    A.    Patent Act Fee-shifting Provision

The Patent Act's fee-shifting provision provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

To determine whether a party is a prevailing party in patent litigation, courts apply the general principle that "to be a prevailing party, one must 'receive at least some relief on the merits,' which 'alters ... the legal relationship of the parties.'"  Inland Steel Co. v. LTV Steel Co., 364 F.3d 1318, 1320 (Fed. Cir. 2004)(quoting Former Employees of Motorola Ceramic Prods. v. United States, 336 F.3d 1360, 1364 (Fed. Cir. 2003)).

The Patent Act does not define "exceptional," but the United States Supreme Court has provided guidance in Octane Fitness, LLC v. ICON Health & Fitness, Inc., --- U.S. ----, 134 S. Ct. 1749, 1751 (2014).  An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756.  "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the

totality of the circumstances." Id. at 1756; see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc., --- U.S. ----, 134 S. Ct. 1744, 1748 (2014) ("[T]he determination whether a case is 'exceptional' under § 285 is a matter of discretion.").

The standard of proof for establishing entitlement to fees is by a preponderance of the evidence. Id. at 1758. If the district court finds the case exceptional by a preponderance of the evidence, it must then determine whether it should exercise its discretion to award attorneys' fees. See Icon Health & Fitness, Inc. v. Octane Fitness, LLC, 576 F. App'x 1002, 1005 (Fed. Cir. 2014); Inland Steel, 364 F.3d at 1321; Digeo, Inc. v. Audible, Inc., 505 F.3d 1362, 1366-67 (Fed. Cir. 2007); see also Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 794–95 (Fed. Cir. 1995)("A finding by a court that a case is exceptional is a factual determination, whereas the decision to award fees is discretionary.").

The amount to be awarded also lies within the sound discretion of this Court. See Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 483 (Fed. Cir. 2016); Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd., 726 F.3d 1359, 1365 (Fed. Cir. 2013).

B. <u>Sanctions</u>

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

The purpose of § 1927 is to limit the abuse of court processes. <u>DeBauche v. Trani</u>, 191 F.3d 499, 511 (4th Cir. 1999) (citing <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 762 (1980)).[8] As such, a court considering the propriety of a § 1927 award must focus "on the conduct of the litigation and not on its merits." <u>Id.</u>

The statute "does not distinguish between winners and losers, or between plaintiffs and defendants. The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law." <u>Id.</u> Thus, an attorney who files a meritless claim may not be sanctioned under § 1927 if he does not "multiply the proceedings." <u>Id.</u>

The Fourth Circuit has noted that "a finding of counsel's bad faith [is] a precondition to the imposition of fees" under §

---

[8] Review of a district court's decision on a motion for sanctions under § 1927 is conducted pursuant to the law of the regional circuit. <u>Nystrom v. TREX Co.</u>, 424 F.3d 1136, 1141 (Fed. Cir. 2005).

1927.  Brubaker v. City of Richmond, 943 F.2d 1363, 1382 n.25 (4th Cir. 1991).

In addition to the authority granted under 28 U.S.C. § 1927, courts also possess the inherent authority in appropriate cases to assess attorneys' fees and impose other sanctions against a litigant or a member of the bar who has "acted in bad faith, vexatiously, wantonly, and for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45–46 (1991).

Under both § 1927 and the court's inherent power, the burden of demonstrating an entitlement to attorneys' fees rests on the moving party.  Morris v. Wachovia Secs., Inc., 448 F.3d 268, 284 (4th Cir. 2006).

III. DISCUSSION

    A.   Prevailing Party

Both parties cite Inland Steel as the standard for determining "prevailing party" status, but they disagree on what it means to "'receive at least some relief on the merits,' which 'alters . . . the legal relationship of the parties.'"  365 F.3d at 1320 (quoting Former Employees, 336 F.3d at 1364), defining "prevailing party" in the context of the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412).  CTP contends that Defendants are not prevailing parties because dismissal without prejudice

for lack of standing is not an adjudication on the merits, citing Fed. R. Civ. P. 41(b)[9] and various cases holding same.

Certainly, in terms of having a substantive preclusive effect, "a judgment must be a final adjudication of the rights of the parties and must dispose of the litigation on the merits." Media Techs. Licensing, LLC. v. Upper Deck Co., 334 F.3d 1366, 1369 (Fed. Cir. 2003)(citation omitted). Plaintiff's lack of standing limits federal judicial power and precludes the court's ruling on the merits. Id. The Court agrees with CTP that the dismissal without prejudice for lack of standing was not a ruling on the merits.

Inland Steel defines the meaning of prevailing party in the context of patent litigation under Federal Circuit law. 364 F.3d at 1320. The Inland Steel court held that the defendant was the prevailing party because the district court dismissed the case with prejudice and entered a final judgment in the defendant's favor in response to the defendant's successful cancelation of the patent in suit in the United States Patent and Trademark Office ("PTO"). Id. at 1321. "[A] dismissal with prejudice is tantamount to a judgment on the merits." Id.

---

[9] "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b)(emphasis added).

(quoting Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985)). The circumstances in Inland Steel do not parallel those in the instant case, however, because the dismissal herein, while in Defendants' favor, was without prejudice to the assertion by a proper plaintiff of the patent infringement claim asserted.

In Former Employees, the case quoted by the Inland Steel court, the Federal Circuit stated: "The Supreme Court has interpreted the phrase 'prevailing party' consistently in all federal fee-shifting statutes." 336 F.3d at 1364. More recently, the Supreme Court, addressing the issue of attorneys' fees, explained that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." CRST Van Expedited Inc. v. E.E.O.C., --- U.S. ----, 136 S. Ct. 1642, 1646 (2016). The Court reversed an Eighth Circuit decision that declined to award attorneys' fees because the defendant had not won "on the merits." Id. at 1650, 1654. The Court elaborated regarding various non-meritorious reasons why a defendant may still be deemed a "prevailing party," including an example where defendants prevailed for jurisdictional reasons. Id. at 1651-54. The Court also made clear that its reasoning applied to other fee-shifting statutes. Id. at 1646.

The Court declined to address whether a defendant must obtain a preclusive judgment in order to qualify as a prevailing party. Id. at 1653.[10] The Court has not articulated a precise test for when a defendant is a prevailing party. Id. at 1646. However, the Court stated that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." Id. at 1646 (citation omitted). Further, the "change must be marked by 'judicial imprimatur.'" Id. (quoting Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). That is, a "judicially sanctioned change in the legal relationship of the parties." Id.

The Federal Circuit has not addressed a dispute about the meaning of prevailing party since CRST was decided in May 2017, although in June 2017, it briefly stated: "To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits." Chaffin v. Braden, No. 2016-2572, 2017 WL 2704474, at *6 (Fed. Cir. June 23, 2017)(citing Shum v. Intel Corp., 629 F.3d 1360, 1367 (Fed. Cir. 2010)).

A defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the

---

[10] The Court expressed concern that the plaintiff may have waived the argument and that the parties contested whether the judgment had been preclusive in nature. CRST, 136 S. Ct. at 1653.

precise reason for the court's decision." CRST, 136 S. Ct. at 1651. In the instant case, the Court granted a final Judgment "in favor of Defendants against Plaintiff dismissing all claims for lack of subject matter jurisdiction . . . ." Judgment [ECF No. 382]. All other dismissal grounds became moot. The Defendants certainly won a significant victory, but CTP was able to correct its assignments, establish ownership acceptable to this Court, and immediately refile the lawsuits.[11] The Court finds that the Defendants' victory should not be considered to have accomplished a "material alteration of the legal relationship of the parties." CRST, 136 S. Ct. at 1646 (citation omitted).

Accordingly, the Court holds that Defendants are not prevailing parties for purposes of the Patent Act's fee-shifting provision and shall deny Defendants' motion for attorneys' fees.

---

[11] Although CTP has declined to file new lawsuits against these Defendants, within days of this Court's dismissal, CTP, represented by different counsel, voluntarily dismissed and then re-filed its lawsuit against Quad/Graphics, Inc. in the Eastern District of Texas, alleging infringement of the Patents in Suit, having purported to correct any deficiencies in its chain of title. CTP Innovations, Inc. v. Quad/Graphics, Inc., 2:16-cv-01361-JRG-RSP (E.D. Tex). That lawsuit has subsequently been dismissed with prejudice pursuant to a joint motion of the parties. Notice of Dismissal in Related Case, ECF No. 556.

B. Sanctions

Defendants contend that sanctions should be imposed on CTP because it sued dozens of Defendants, and stated its intention to sue hundreds more, for patent infringement without owning the patent. CTP asserts that it was not in a position to have known that it did not have acceptable legal title because it took specific steps to correct what it viewed as a technical oversight, and it took those steps prior to filing any lawsuits. The Court ultimately found that the steps taken were inadequate to correct the technical issues with the assignments, but CTP asserts it moved forward in good faith that it owned the Patents in Suit. Further, CTP asserts that it is illogical to believe that it would have incurred the expenses associated with litigation, in this Court as well as at the PTO,[12] if it believed it lacked standing. CTP also cites a related Federal Circuit decision[13] that declined to dismiss an appeal for lack of standing after reviewing the same assignment documents that this Court found to be defective.

The Court does not find that CTP or its counsel acted frivolously or with bad faith in its litigation of the instant case, nor does the Court find that CTP pursued litigation

---

[12] CTP defended against seven Inter Partes Reviews at the PTO. See IPR Chart, Opp'n Ex. 6 [ECF No. 464-6].

[13] CTP Innovations, LLC v. Eastman Kodak Company, case no. 16-1665. See Notice [ECF No. 393].

recklessly or knowing that its claims lacked merit. CTP had a reasonable basis to believe it owned the Patents in Suit. While it would have been preferable for CTP to appropriately correct the issues with the assignments prior to commencing suit, and thus have avoided the issue of standing altogether, the Court finds that the actions taken by CTP were, at most, negligent. Such action does not rise to bad faith and does not warrant the imposition of sanctions.

Accordingly, the Court finds it unnecessary to request a response from CTP related to sanctions because the Court finds that sanctions are not warranted based on the record in this case.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney Fees [ECF No. 385 in 14-md-2581] is DENIED.

| Individual Case Nos. | ECF No. |
|---|---|
| 14-cv-3888-MJG | 146 |
| 15-cv-1470-MJG | 86 |
| 15-cv-1471-MJG | 90 |
| 15-cv-1646-MJG | 84 |
| 15-cv-1692-MJG | 91 |

SO ORDERED, on Tuesday, September 12, 2017.

/s/_____
Marvin J. Garbis
United States District Judge